# FEBRUARY 4, 1942

JOHN THOMAS ALDRIDGE V. THE STATE.

No. 21772. Delivered December 3, 1941.
Rehearing Denied February 4, 1942.

The opinion states the case.

*Coleman Cline,* of Fort Worth, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an attempt to commit burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The record shows that about 5:30 A. M., of February 16, 1941, while O. R. Winkler, the owner and operator of a cold-drinks stand and dance hall, was in his building checking up on the result of the previous day's business, he heard a noise in the rear of his building, which sounded like some one was attempting to break in. He made some investigation and saw some men at the rear thereof. He then quietly went to the telephone and called the police department. In about three minutes the officers arrived and when they started to the rear of the building three men ran away, two going in one direction and the other in another direction. Appellant and his companions were apprehended within a few steps of the building. An investigation of the premises disclosed that the screen had been torn from the rear window and that an attempt had been made to force the window open.

Appellant took the witness-stand and denied that he and

his companions attempted to enter the building by force. He admitted that they had gone near the rear of the building to look for some empty cans in which to get some gasoline out of another car and put it into their car as their automobile was out of gas. He also admitted that when the officers appeared on the scene his brother-in-law ran but that he and his other companion did not attempt to run as they had done nothing wrong. However, he saw no one else at the rear of the building either at the time that the officers came or just prior thereto. He admitted that about two years prior thereto, he was convicted of the offense of burglary and given a two-year suspended sentence. It occurs to us that the evidence is ample to support the jury's conclusion of the appellant's guilty connection with the attempted burglary.

In his motion for a new trial appellant, for the first time, complains of the admission of certain testimony but the matter is not brought forward by any bill of exception duly certified by the trial court showing that objection was interposed thereto at the time it was introduced. Therefore, the question is not properly brought to this court for consideration.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in this cause and the case has been orally argued insisting that the evidence is insufficient to sustain the jury's verdict.

We have reviewed the evidence upon the submission of this motion and find that the statement in the original opinion mildly sets forth the facts according to the State's testimony.

Appellant placed his reputation as being a law abiding citizen in issue and all the testimony shows him to have a rather extended court record. He is under a suspended sentence and has several times been before the court on misdemeanor charges. He then took the witness stand, admitted his presence

at the place, but denied that either he or the other parties with him were attempting to break into the building or that they even touched it. He denied that he was running when the officers took him in charge. He admitted that his associates had criminal records; that he had been out with them at various places all night. He gave his story accounting for his presence there and this, if true, could have been corroborated by another party, but he did not call him to the witness stand. We find nothing in his testimony material to his case which would reasonably explain his presence there except that which was contradicted. The jury didn't accept his version of the case and there is nothing in it which was calculated to appeal to their sympathy. There is nothing for this court to pass on.

The motion for rehearing is overruled.